IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-229-D

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MISCELLANEOUS PERSONAL )<br>PROPERTY SEIZED FROM KIET )<br>TUAN VO AND PHUONG TRUONG, )<br>)<br>)<br>Defendant. ) | **ORDER** |

On May 5, 2016, the United States of America filed this civil action in rem seeking the forfeiture of miscellaneous personal property and U.S. currency under 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 1955(d) [D.E. 1]. On July 26, 2016, Kiet Tuan Vo ("Kiet Vo") and his wife Phuong Truong ("Truong"; collectively, "claimants") filed claims [D.E. 9, 10]. On September 15, 2016, claimants answered the complaint [D.E. 15]. On September 16, 2016, the court granted claimants' motion to stay [D.E. 16]. On July 19, 2018, the court permitted claimants' counsel to withdraw, lifted the stay, and opened discovery [D.E. 18–21].

On December 17, 2018, the United States moved to strike the claims and answer and for summary judgment [D.E. 23, 24], and filed a memorandum in support [D.E. 25], a statement of material facts [D.E. 26], and an appendix [D.E. 27]. The court notified claimants about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 28]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 22, 2019, Kiet Vo filed several exhibits [D.E. 31]. On March 8, 2019, the United States replied [D.E. 32]. On

March 25, 2019, Truong filed a declaration [D.E. 33]. On March 27, 2019, Kiet Vo responded in opposition [D.E. 34]. As explained below, the court grants the United States' motions to strike and for summary judgment, strikes the claims, and forfeits the property to the United States.

I.

In 2013, federal and state authorities began investigating an illegal gambling operation in Fayetteville and Cumberland County, North Carolina. See [D.E. 26] ¶ 1; Moultis Decl. [D.E. 2] ¶ 8; Pl.'s App'x [D.E. 27-1] 1. During interviews with investigators, members of the operation "provided information regarding [Kiet Tuan Vo]'s leadership involvement, supplying illegal gambling machines, coordination of money pickups, and other criminal conduct." Moultis Decl. ¶ 9; see Pl.'s App'x [D.E. 27-1] 1. Investigators discovered that claimants "maintained over twenty bank accounts" with "multiple accounts for Limited Liability Corporations that were set up for the businesses." Moultis Decl. ¶ 15; see Pl.'s App'x [D.E. 27-1] 5–6. "Analysis of the banking records showed a pattern of deposits of large bulk currency into the accounts" that was "largely structured to stay below reporting thresholds." Moultis Decl. ¶ 15; see Pl.'s App'x [D.E. 27-1] 5–6.

On December 3, 2015, investigators executed search warrants at five illegal gambling locations and seized 67 video poker machines. See [D.E. 26] ¶ 2; Moultis Decl. ¶ 18. Investigators also searched claimants' residence and discovered "[e]vidence of video poker machines around the house," ledgers and tally sheets for gambling activities, fine jewelry and gold coins, and $46,106.00 in U.S. currency. Moultis Decl. ¶ 19; see [D.E. 26] ¶ 4; Pl.'s App'x [D.E. 27-1] 2–6. Investigators also searched "Bank of America and Wells Fargo Bank for bank accounts and two safety deposit boxes" and "seized $123,900.00 in bulk currency from a safety deposit box along with $101,517.00 in funds from accounts." Moultis Decl. ¶ 20; see [D.E. 26] ¶ 5.

On May 5, 2016, the United States filed this civil forfeiture action. Publication has been made, and no other claims have been filed. See [D.E. 26] ¶ 6; Pl.'s App'x [D.E. 27-2]. On October 18, 2017, a federal grand jury in the Eastern District of North Carolina indicted claimants for conspiracy to conduct an illegal gambling business in violation of 18 U.S.C. § 371 (count one) and conducting an illegal gambling business and aiding and abetting in violation of 18 U.S.C. §§ 1955 and 2 (count two). See Indictment, United States v. Truong, No. 5:17-CR-321-FL, [D.E. 12] (E.D.N.C. Oct. 18, 2017). The indictment contained a forfeiture notice relating to the currency at issue in this forfeiture action. See id.

On January 16, 2018, Kiet Vo pleaded guilty to count one. See Vo Plea Agmt., United States v. Truong, No. 5:17-CR-321-FL, [D.E. 48] (E.D.N.C. Jan. 16, 2018). On February 20, 2018, Truong pleaded guilty to count one. See Truong Plea Agmt., United States v. Truong, No. 5:17-CR-321-FL, [D.E. 60] (E.D.N.C. Feb. 20, 2018). Claimants agreed "to voluntarily forfeit and relinquish to the United States the property specified in the Criminal Indictment" and "all items seized during the investigation of the acts alleged in the Criminal Indictment." Id., [D.E. 48] ¶ 2(e); [D.E. 60] ¶2(f). On May 24 and November 8, 2018, the court entered preliminary orders of forfeiture against Vo and Truong. See Orders, United States v. Truong, No. 5:17-CR-321-FL, [D.E. 84, 102] (E.D.N.C.).

The United States argues that claimants lack Article III standing to assert claims concerning the property. See [D.E. 25] 5–7. Under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, the United States may file a motion to strike a claim or answer on the grounds that the claimant lacks standing at any time before trial. See Fed. R. Civ. P. Supp. R. G(8)(c)(i)(B). A motion to strike "may be presented as . . . a motion to determine . . . by summary judgment whether claimant can carry the burden of establishing standing by a preponderance of the evidence." Id.

3

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of plaintiff's position [is] insufficient . . . ." Id. at 252.; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

In a civil forfeiture case, a claimant must show "a colorable interest in the property [at issue] to have standing." United States v. Phillips, 883 F.3d 399, 402 (4th Cir.), cert. denied, 139 S. Ct. 347 (2018). Merely asserting "an ownership interest in the property" does not suffice. Id. at 403; see United States v. $17,900.00 in U.S. Currency, 859 F.3d 1085, 1089–90 (4th Cir. 2017). A claimant must prove both statutory standing and Article III standing by a preponderance of the

4

evidence. See $17,900.00 in U.S. Currency, 859 F.3d at 1089. "[S]tatutory standing relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court." United States v. 8 Gilcrease Lane, Quincy FL 32351, 641 F. Supp. 2d 1, 5–6 (D.D.C. 2009) (quotations omitted). "Article III standing ... relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III." Id. (quotations omitted); see United States v. Real Prop. Located at 229 Potter Rd., N. Kingstown, R.I., 91 F. Supp. 3d 303, 306 (D. Conn. 2015).

Kiet Vo and Truong lack Article III standing because their plea agreements included a provision forfeiting the property at issue in this action. See United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 91 (2d Cir. 2011); United States v. Real Prop. Described in Deeds, 962 F. Supp. 734, 737 (W.D.N.C. 1997) (collecting cases). Given Kiet Vo and Truong's plea agreements and the preliminary orders of forfeiture, they cannot show a colorable interest in any of the property at issue by a preponderance of the evidence. Thus, Kiet Vo and Truong lack Article III standing to challenge the forfeitability of the property in this civil forfeiture action. Finally, the court rejects Kiet Vo's arguments concerning the voluntariness of his guilty plea. See United States v. Vo, 763 F. App'x 339, 340–41 (4th Cir. 2019) (per curiam) (unpublished).

II.

In sum, the court GRANTS the government's motions to strike and for summary judgment [D.E. 23, 24] and STRIKES the claims [D.E. 9, 10]. The property is forfeited to the government. The clerk shall close the case.

SO ORDERED. This 26 day of July 2019.

JAMES C. DEVER III
United States District Judge